UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY M. MILLER,<br><br>       Plaintiff,<br><br>       v.<br><br>NAVIENT SOLUTIONS, LLC, et. al.<br><br>       Defendants. | No. 2:19-cv-1701 KJM KJN (PS)<br>No. 2:19-cv-1702 KJM KJN (PS)<br>No. 2:19-cv-1708 KJM KJN (PS)<br><br>ORDER |

This case arises from allegations that Defendant failed to validate his debt as required by the Federal Debt Collection Practices Act. (See, e.g., 2:19-cv-1701 at ECF No. 1.) Plaintiff, proceeding pro se, filed three separate cases in California State Court, and Defendant removed each to this Court. (See Id.) Defendant then moved to dismiss in each of the three cases. (2:19-cv-1701 at ECF Nos. 5, 6; 2:19-cv-1702 at ECF Nos. 7, 8; 2:19-cv-1708 at ECF Nos. 7, 8.) Defendant set the case 1701 dismissal for an October 10 hearing before the undersigned, and set the motions in the other two cases for an October 30 hearing before Magistrate Judge Claire. (See Id.) Thereafter, District Judge England issued an order relating the three cases, and assigned all three cases to the undersigned. (See 2:19-cv-1701 at ECF No. 8.)

Under the briefing schedule in the 1701 case, Plaintiff was obligated to file and serve written opposition or a statement of non–opposition by September 26. See E.D. Cal. L.R. 230(c)

(stating that "[o]pposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. . . . . A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question."). Despite the local rules, Plaintiff failed to file a written opposition or statement of non-opposition to Defendant's motion in the 1701 case.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case under Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[1] See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52,

---

[1] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default). Further, if opposition to a motion has not been filed, Local Rule 230 allows for courts in this district to bar a party from being heard at the hearing, as well as to construe the absent filing as non–opposition to the motion. See L.R. 230(c).

However, in light of Plaintiff's pro se status, and the fact that Defendant's other two motions to dismiss were set for the end of October, the Court will provide Plaintiff with an additional opportunity to respond to Defendant's motions (or file a statement of non–opposition thereto). See L.R. 230(c). Plaintiff is warned that under Local Rule 230, "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party[, and a] failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." E.D. Cal. L.R. 230(c). Further, any future failure to follow the Court's scheduling order and the local rules may result in a Rule 41(b) dismissal. Hells Canyon, 403 F.3d at 689.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall file written opposition to Defendant's motion to dismiss, or a statement of non-opposition thereto, on or before October 24, 2019, at 4:00 P.M. Plaintiff's failure to do so will be deemed a statement of non-opposition to the pending motion and will result in Plaintiff being precluded from being heard on these issues raised in the motion to dismiss. Further, the Court will consider sanctioning Plaintiff for failing to follow the Court's orders, including a recommendation that Plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b);

2. Defendant may file a written reply to Plaintiff's opposition, if any, on or before October 31, 2019; and

3. The hearing on Defendant's motion to dismiss (see 2:19-cv-1701 at ECF No. 5) is reset to

1  November 7, 2019, at 10:00 A.M., in Courtroom 25.  Further, Defendant's other two

2  motions to dismiss (2:19-cv-1702 at ECF No. 7; and 2:19-cv-1708 at ECF No. 7) are also

3  reset to that date.

4  IT IS SO ORDERED.

5  Dated:  October 1, 2019

6

7  KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4